IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr326-MHT |
| | ) | (WO) |
| CHESTER RAY PERKINS | ) | |

OPINION AND ORDER

This cause is before the court on defendant Chester Ray Perkins's oral motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for November 5, 2018, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or

> indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Perkins in a speedy trial. Perkins will receive a mental-competency evaluation by the BOP, which will require additional time. The court will, in turn, require further time to consider the parties' responses to the evaluation and determine how

to proceed. A November 5 trial date will not provide sufficient time for all of this to occur.

In light of Perkins's BOP evaluation, the court concludes that a continuance is warranted to enable Perkins to prepare effectively for trial.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Chester Ray Perkins's oral motion to continue (doc. no. 38) is granted.

(2) The jury selection and trial, now set for November 5, 2018, are continued generally.

DONE, this the 17th day of October, 2018.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**