**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| **v.** | ) | **2:18cr326-MHT** |
| | ) | **(WO)** |
| **CHESTER RAY PERKINS** | ) | |

**OPINION AND ORDER**

Defendant Chester Ray Perkins has been indicted on two counts of possession of intent to distribute a controlled substance, in violation of 21 U.S.C. § 841. Based on a forensic evaluation conducted by a defense expert, Perkins has a significant cognitive impairment and may be incompetent to stand trial. However, the evaluation was ultimately inconclusive and, in court, the expert testified that a 'longitudinal evaluation' is needed to assess whether Perkins is competent to stand trial. This case is now before the court on the government's motion for Perkins to be evaluated by the Bureau of Prisons (BOP). Based on the record, including the evidence presented at a hearing on October 16, 2018,

and for the reasons explained below, the motion will be granted.

A.

Defense counsel requested a competency evaluation based on concerns regarding Perkins's ability to communicate with him and to comprehend the substance of their conversations. Since then, Perkins has been evaluated by Dr. Robert Bare, a clinical psychologist. Defense counsel has submitted the evaluation to the court, and, although it suggests significant cognitive impairment, it is ultimately inconclusive as to Perkins's competency to stand trial. In response to defense counsel's motion for a competency hearing, which the court granted, the court held a hearing on October 16, 2018. Bare testified that a 'longitudinal evaluation'--that is, an evaluation over a period of time in a setting that allows almost daily observation (as opposed to a one-time 'snap-shot evaluation,' which is what he did)--is needed to determine if Perkins is

competent to stand trial. Based on the inconclusiveness of Bare's evaluation and his testimony during the competency hearing, the court has determined that Perkins should be evaluated further.

A court may order a competency evaluation on a party's motion, or on the court's own motion, "at any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant," if there is "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). The court may order a defendant to be committed for a reasonable period to the custody of the Attorney General to be placed in a suitable BOP facility for this competency examination. *See* 18 U.S.C. §§ 4241(b), 4247(b).

In this case, the court finds that there is cause to believe Perkins may not be competent to stand trial. The court also finds, based on the testimony of Bare, that the recommended clinical evaluation plan--specifically, an inpatient, longitudinal study--will likely allow the next examiner to reach a firmer conclusion regarding Perkins's competency to stand trial. In fact, the defense does not object to further evaluation at a BOP facility.

The court will, therefore, order Perkins committed to the custody of the Attorney General for further evaluation at the BOP, pursuant to 18 U.S.C. §§ 4241(b) and 4247(b). The examination must be completed within a reasonable period of time, not to exceed 30 days; the director of the facility to which Perkins is committed may apply for a reasonable extension, not to exceed 15 days. *See* 18 U.S.C. § 4247(b). Once the examination is complete, the examiner will prepare a psychological report and file this report with the court and with counsel, pursuant to § 4247. This report should include

a description of the psychological and medical tests administered and their results; the examiner's findings, diagnosis, and prognosis of Perkins's mental condition; and the examiner's opinions as to whether, given the demands that may be made on Perkins throughout this prosecution, Perkins will be able to assist properly in his defense.

B.

If, after this evaluation, the court were to find that Perkins is incompetent to stand trial, the court would then be required to commit him again to the custody of the Attorney General, and again he would be hospitalized for treatment in a suitable facility in order to determine whether there is a substantial probability that, in the foreseeable future, he will attain the capacity to permit the proceedings to go forward. *See* 18 U.S.C. § 4241(d)(1). To avoid the further delay and inconvenience to the parties and to the court of another potential commitment, including the

extra time required to transport Perkins from the BOP back to this district and then back to the BOP again, the court will order that, when the BOP examiner conducts the competency evaluation, it should, if possible and practicable, simultaneously conduct a restoration evaluation pursuant to 18 U.S.C. § 4241(d)(1) to determine if there is a substantial probability that, in the foreseeable future, Perkins will regain competency.

If the BOP evaluation concludes that Perkins is incompetent to stand trial but does not reach the issue of restoration at the same time, a competency hearing will be held by video-conferencing, so that the court can move swiftly to the restoration issue and so that, if needed, a restoration evaluation can be ordered without first transporting Perkins back to the local district.

C.

When the BOP conducts the competency and restoration evaluations, it should, if possible and practicable, simultaneously conduct a dangerousness evaluation

6

pursuant to 18 U.S.C. § 4246 to determine if Perkins's release would create a substantial risk of bodily injury to another person or serious damage to property of another. That way, if the BOP finds Perkins not competent and not restorable, it will be unnecessary to transport him back and forth to court or to keep him for another extended period of time. If the BOP finds him not competent and not restorable, but is unable to reach the dangerousness issues at the same time, the court will address competency and restorability by video-conferencing, so that, if needed, a dangerousness evaluation can be ordered without first transporting Perkins back to the district.

D.

In conclusion, the court wants the BOP to conduct a competency evaluation and, if necessary, a restoration evaluation and dangerousness evaluation, *all simultaneously*. This is to prevent Perkins from staying

7

in BOP custody for an unnecessarily extended period of time or from being transported back and forth to court.

* * *

Accordingly, it is ORDERED that the government's motion for a psychiatric exam of defendant Chester Ray Perkins (doc. no. 34) is granted as follows:

(1) With regard to defendant Perkins's general commitment:

(A) The Attorney General should find a placement for defendant Perkins for the purposes as set forth in this order. Unless impracticable, the examination should be conducted in the suitable facility closest to the court, pursuant to 18 U.S.C. § 4247(b). If possible, the court would prefer for defendant Perkins to be sent to the Federal Medical Center-Butner.

(B) The United States Marshal, acting through counsel for the government, shall promptly inform the court and the parties of the facility to which defendant Perkins is designated. Defendant Perkins is to self-surrender to the facility identified by the Attorney

8

General on or before November 27, 2018. Once the evaluation is complete, defendant Perkins shall be released under the same conditions that he arrived at the facility--that is, on his own, to his family.

(C) Assuming defendant Perkins self-surrenders to the facility, he will be responsible for the costs of transportation to and from the facility.

(2) With regard to defendant Perkins's mental-competency evaluation:

(A) Defendant Perkins will be examined for a reasonable period, not to exceed 30 days from the date of admission or arrival at the appropriate facility, by a licensed or certified psychiatrist or psychologist, pursuant to the provisions of 18 U.S.C. § 4241(b) and § 4247(b) & (c). The director of the facility at which defendant Perkins is evaluated may thereafter apply for a reasonable extension, not to exceed 15 days.

(B) A psychiatric or psychological report shall be filed with the court pursuant to the provisions of 18 U.S.C. § 4241(b) and § 4247(b) & (c). The report shall

include an opinion on whether defendant Perkins is currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(3) With regard to defendant Perkins's restoration evaluation:

(A) If the mental-competency report includes the opinion that defendant Perkins is mentally incompetent, the examiner will also provide his or her opinion as to whether there is a substantial probability that, in the foreseeable future, defendant Perkins will attain the capacity to permit the proceedings to go forward, pursuant to 18 U.S.C. § 4241(d)(1).

(B) The court strongly urges the BOP to conduct this evaluation simultaneously with the mental-competency evaluation. If the examiner is unable to complete the restoration evaluation at the same time, the court will hold a video-conference competency hearing

10

to resolve the competency issue, so that, if needed, a restoration evaluation can be ordered without first transporting defendant Perkins back to the district.

(4) With regard to defendant Perkins's dangerousness evaluation:

(A) If the mental-competency report includes the opinion that defendant Perkins is mentally incompetent, and if the restoration evaluation includes the opinion that he is not restorable, the examiner will also provide his or her opinion as to whether defendant Perkins's release would create a substantial risk of bodily injury to another person or serious damage to property of another, pursuant to 18 U.S.C. § 4246.

(B) The court strongly urges the BOP to conduct the dangerousness evaluation simultaneously with the mental-competency and restoration evaluations. If the examiner is unable to complete the dangerousness evaluation at the same time as the mental-competency and restoration evaluations, the court will hold a video-conference competency hearing to resolve the

competency and restoration issues, so that, if needed, a dangerousness evaluation can be ordered without first transporting defendant Perkins back to the district.

DONE, this the 25th day of October, 2018.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE